## Pittsburgh v. Brown

*J. Frank McKenna*, city solicitor and *Alvin J. Porsche*, assistant city solicitor, for plaintiff.

*Hillard Kreimer*, for defendant.

LEWIS, J., October 11, 1957.—This matter comes before the court on a motion for judgment on the pleadings filed by defendants. The controversy involves an action to quiet title filed by the City of Pittsburgh. The facts leading up to the filing of the action are as follows:

On September 1, 1926, Sylvester J. Baker gave a mortgage payable three years from date, in the sum of $10,000 to Thomas K. Miller, on property located in the Twenty-eighth Ward of the City of Pittsburgh, Pa. On September 17, 1929, 16 days after the due date, Thomas K. Miller assigned the mortgage to Cynthia A. S. Miller. Thomas K. Miller and Cynthia A. S. Miller, and the mortgagor, Sylvester J. Baker, have since died.

On December 26, 1944, the orphans' court granted permission to the Union Trust Company, administrator of the Estate of Cynthia A. S. Miller, deceased, to enter judgment on the bond, which was 10 years old. The judgment was entered at D. S. B. No. 780 January term, 1945.

The City of Pittsburgh acquired title to the property covered by the mortgage upon execution for nonpayment of a municipal sewer lien, the sheriff's deed being dated July 19, 1947.

The Bureau of Lands and Buildings of the City of Pittsburgh made no effort to collect rent from the property until May 1951, when it began to collect for a sign board on the property.

On February 21, 1949, the administrator of Cynthia A. S. Miller, in accordance with a decree of the Orphans' Court of Allegheny County, Pa., placed of record in mortgage book vol. 2983, page 124, an assignment of said mortgage to the remaindermen of Thomas K. Miller, deceased, being the original defendants in this proceeding. No assignment of the judgment at D. S. B. No. 780 January term, 1945, was ever made.

On June 4, 1956, the City of Pittsburgh filed its complaint to quiet title, which was duly served upon the then known defendants of record.

Charles Kreimer apparently bought up various assignments of interests in the mortgage, and on June 15, 1956, and June 19, 1956, he placed of record the aforesaid assignments and petitioned the court to permit him to intervene as a party defendant. Permission having been given, he placed of record in the Office of the Prothonotary eight assignments of interests in the aforesaid judgment on June 25, 1956, although the assignors were not of record on said judgment.

The plaintiff states in its complaint to quiet title that its action is authorized under the Act of May 8, 1895, P. L. 44, 68 PS §441, which provides for the discharge of encumbrances due and unclaimed for twenty-one years.

The defendants contend that inasmuch as the plaintiff's action was founded on the statutory authorization of the Act of May 8, 1895, P. L. 44, 68 PS §441, the only

relief to which the plaintiff is entitled is the entry of a rule on the defendants to commence proper legal proceedings to enforce payment of the mortgage within thirty days after the entry of such rule.

The plaintiff contends, however, that since the present action to quiet title was established, and the rules of civil procedure adopted, the procedure set forth in the Act of 1895, P. L. 44, is now embraced in this present action, wherein the court is required to determine the validity or nonvalidity of the mortgage, and not in a collateral proceeding.

We agree with defendants that the only relief which the plaintiff would be entitled to under the Act of May 8, 1895, P. L. 44, 68 PS §441, supra, would be the entry of a rule on defendants to commence legal proceedings to enforce payment of the mortgage within 30 days after the entry of such rule. It is our opinion, however, that since the advent of the present Pennsylvania Rules of Civil Procedure, plaintiff is not so limited in his action. While plaintiff may rely on the Act of 1895 for statutory authorization for the discharge of an encumbrance due and unclaimed for 21 years, Rule 1455 (21) of the Pennsylvania Rules of Civil Procedure has suspended the Act of 1895 insofar as it applies to practice and procedure. Plaintiff, therefore, is not limited in the relief which he may seek, to a rule on defendants to commence legal proceedings to enforce payment of the mortgage.

Goodrich-Amram, commenting on the scope of the present action to quiet title, contains the following:

Section 1061 (b) —1:

"The action to quiet title is a new form of action, created as a consolidation of a large number of independent actions and proceedings mostly statutory, designed to remove clouds on title, to adjudicate title disputes where ejectment will not lie, and to secure summary possession of land."

The following additional comments are also pertinent in a determination of the question now before the court:

Section 1061(*b*)—3:

"The consolidation is much more extensive in the field of general proceedings to remove clouds on title, liens and charges on the land. . . . The proceedings now under discussion are designed to cure deficiencies which cannot be reached through any form of direct or indirect ejectment. They cover a wide range of problems, including proceedings . . . to satisfy any encumbrance where the debt is unpaid for 21 years."

In section 1061(*b*)—6, the authors comment on the effect of the new action to quiet title on existing statutory actions. The authors state in that section that ordinarily there would have been no need to retain any of the then existing actions for the reason that the new action to quiet title is broad enough to include them all.

Rule 1455 has, in fact, suspended all the statutes listed therein except to the extent that they cover matters outside the scope of the procedural rules. These auxiliary matters, according to the authors, are, for example, the grant of the right of appeal, the imposition of costs, penalties and fees and the statement of the effect of the judgment or decree.

It is the opinion of this court that plaintiff in the present action is not limited, in the relief which it may seek, to a rule on defendants to begin legal proceedings to enforce payment of the mortgage in question.

Rule 1455 of the Pennsylvania Rules of Civil Procedure has suspended the Act of 1895 insofar as it relates to practice and procedure, and, therefore, the procedure in the present action is governed by the Pennsylvania Rules of Civil Procedure, rule 1061, et seq.

If defendants are unable to prove the present validity of the mortgage in question, plaintiff would be entitled to relief in accordance with rule 1066 (*b*); which states:

"Upon granting relief to the plaintiff, the court . . . (3) shall order the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, and to execute and deliver any document, obligation or deed necessary to make the decree effective."

Therefore, it is the opinion of the court that the motion for judgment on the pleadings filed by defendants should be dismissed.

### Order of Court

And now, to wit, October 11, 1957, after argument and the reading of briefs submitted in the above-entitled case, it is ordered, adjudged and decreed that the motion for judgment on the pleadings filed by defendants be and the same is hereby dismissed.